## STATE ex SHUBE v BECK

Ohio Appeals, 5th Dist, Stark Co

No 1444.   Decided May, 1934

Harry Puskin, for plaintiff.
George N. Graham, Prosecuting Attorney,
Canton, for defendant.

**OPINION**

By LEMERT, J.

It will be noted that the foregoing rule contains the following provision:  "Unless cause to the contrary shall be made to appear to the satisfaction of the court."  By this provision it is left to the sound discretion of the court to follow or refuse to follow the same in any particular case, and we do not consider that it is such an arbi-

trary rule as would necessarily defeat the ends of justice.

So that the question involved is, has the Court of Common Pleas of Stark County, Ohio the power and right to make and enforce the rule set forth in the answer of respondent, either by virtue of its inherent power to make reasonable rules and regulations governing the conduct of its people, or by virtue of the express grant of the rule making power conferred upon it by §1558 GC?

The Court of Common Pleas has the inherent right to adopt and enforce reasonable rules governing the conduct of its business so long as such rules are not in conflict with general laws, and including the right to require resident litigants to furnish a deposit for costs or security therefor. We are of the opinion that courts have inherent right to formulate rules for their government, so long as such rules are reasonable and not in conflict with general laws. The right to make such rules must be held to come within the implied powers of courts of justice. The Legislature has never prescribed in minute detail all of the proceedings necessary in conducting courts of justice in an orderly manner, and many things must necessarily be left to the sound discretion of the court. And particularly is this true at the present time, considering the limited means of taxation and the hardships through which our courts and the officers thereof are now and have been passing in the last few years.

We further believe that the implied powers of the court in this respect are a striking analogy to the implied powers of legislative bodies. We are of the opinion that the power of the court to require security for costs is an incident to its power to render judgment for costs. If it be conceded that the court has jurisdiction to render judgment against complainants after the costs were incurred, we believe it necessarily follows that such a court has jurisdiction to require security for such costs before they were incurred.

We further believe that it is a well established rule that courts have the inherent power to prescribe such rules of practice and rules to regulate their proceedings and facilitate the administration of justice as they may deem necessary. This power, though expressly recognized by the statutes of some states, is inherent, and exists independently of statute.

We are, therefore, of the opinion that by virtue of the inherent power and in view of the emergency existing in this county, as hereinbefore referred to, that the Court of Common Pleas was within its rights in the adoption of this rule, the purpose and intent of which is intimately related to the advancement of justice, the prevention of delay and the expeditious discharge of the court's business, and that the rule as set forth in respondent's answer and adopted by the Court of Common Pleas of Stark County, is fair and reasonable and is such a rule as may properly be adopted by a Court of Common Pleas, and that the same is not in conflict with either the established rule of this state nor of the statutes of this state.

It therefore follows that the writ of mandamus, as herein prayed for, will be denied. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.